IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DARRELL THOMAS,

    Petitioner,        Civil No. 05-0015-TC

    v.                     FINDINGS AND
                             RECOMMENDATION

CHARLES DANIELS,

    Respondent.

COFFIN, Magistrate Judge.

Petitioner is an inmate at FCI Sheridan. Petitioner was sentenced in 1972 to two life imprisonment terms, to run concurrently as a result of a conviction for kidnaping. While in custody, in 1977, petitioner was convicted of possession of controlled substances with intent to distribute in violation of 28 U.S.C. § 841, and received a three year sentence to be served consecutively.

On January 5, 2005, petitioner filed a "Writ of Habeas Corpus" requesting an "order to calculate petitioner's

1 - FINDINGS AND RECOMMENDATION

sentence[s] imposed on a full aggregation approach was herein ordered that his mandatory release date be November 13, 2005."

Plaintiff did not specifically allege whether he intended to proceed under 28 U.S.C. § 2255 or 28 U.S.C. § 2254. However he argued that "28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence or to challenge confinement that is not part of a criminal court's judgment." In an attempt to clarify the basis for petitioner's claims and confusing arguments, the court ordered that petitioner file his claim on a form provided by the court (as required by local rules) and provided petitioner with a form to be used by prisoners filing for habeas corpus relief under 28 U.S.C. § 2241. Petitioner simply filled in the caption of the form and wrote "see attached" in the spaces provided. Petitioner attached his previously filed petition and filed the form as his amended petition. In other words, petitioner did not provide any of the relevant information required by the form.

The crux of petitioner's argument is that the imposition of the consecutive sentence for his drug conviction is "statutorily impermissible." Thus it appears that he is challenging the validity of his sentence. A challenge to the fact or duration of a federal conviction or sentence is properly brought under 28 U.S.C. § 2255.

A motion under 28 U.S.C. § 2255 must be filed within one year of the conviction (or enactment of the Prison Litigation Reform Act) in the district of the petitioner's conviction.

Therefore, construing petitioner's § 2241 petition as a motion under 28 U.S.C. § 2255, it is both time barred and filed in the wrong district.

In any event, plaintiff's fails on the merits. The sentencing judge had discretion to impose the sentence for the controlled substance violation consecutively. United States v. Wills, 881 F.2d 823 (9th Cir. 1989).

Construing petitioner's petition under 28 U.S.C. § 2241 does not save his claim.

Petitioner's argument that his "mandatory release date" is 11/13/2005 is based on the **recommendation** of the Initial Hearing Summary dated May 15, 1998. However, a review of that report clearly indicates that the **"Recommended Release"** date of 11/13/2005, was subject to review by the Parole Commission. The Parole Commission apparently did not accept the Initial Hearing Examiner's recommendation.

The 8/28/2000 Notice of Action on Appeal (also submitted as an exhibit to the petition) states: "You contend that although your presumptive parole date is November 12, 2010, your mandatory parole date is November 13, 2005. *According to your sentence computation your two-thirds date is November 13, 2007.*"(emphasis added) See also, Compliance with Court Order Motion (#8), Exhibit A, "Sentence Monitoring Computation Data" [indicating that "the inmate is projected for Release: 11/13/2007 via two thirds"].

Petitioner's only argument that the "two-thirds"

3 - FINDINGS AND RECOMMENDATION

calculation is incorrect is based on the contention that his 3 year sentence was improperly "stacked" because it was imposed to run consecutively. For the reasons set forth above, this argument is without merit.

Based on all of the foregoing, I find that petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

DATED this 16th day of October, 2005

Thomas M. Coffin
United States Magistrate Judge